*Law Offices of Brendan Pegg Corporation*
*Brendan Pegg, Esq. (State Bar #174159)*
*info@bpegglaw.com*
*201 E. Ojai Ave. #1505*
*Ojai, CA 93023*
*PH 805.302.4151, FX 877.719.7298*

Attorneys for Robert Corbett and Kevin Pedersen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JAMIE SINGLETON and CHRIS CAROSELLI,<br><br>    Plaintiffs,<br><br>vs.<br><br>BAIL HOTLINE BAIL BONDS, INC. FUGITIVE RECOVERY INVESTIGATIONS, INC. ANAHEIM POLICE DEPARTMENT, CHAD CUMMINGS, MICHAEL DOHMANN, ROBERT CORBETT, KEVIN PEDERSON, AND DOES 1-10, INCLUSIVE,<br>        Defendants, | Case No.: 8:22-CV-01826-MRA-KES<br><br>NOTICE OF MOTION AND MOTION TO ALLOW FOR WITHDRAWAL OF ATTORNEY OF RECORD ON BEHALF OF DEFENDANTS CORBETT AND PEDERSEN<br><br>Date: May 2, 2024<br>Time: 1:30 PM<br>Crtm: 10B<br><br>Trial Date: None Set<br><br>Assigned to Hon. **Mónica Ramírez Almadani** |

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on the date and time indicated above, or as soon thereafter as the matter may be heard, Attorney, Brendan Pegg, will move the court for an order allowing his withdrawal as attorney of record for Individual Defendants, KEVIN PEDERSEN and RODGER CORBETT.

This motion is based on this Notice of Motion and Memorandum of Points and Authorities, the accompanying Declaration, upon such supplemental memoranda as may be submitted, upon the file in this matter and upon any evidence or argument to be presented at the time of hearing on this matter.

Pursuant to *Local Rules* 7-3, on March 26, 2024 the undersigned attorney, Brendan Pegg, discussed the substance of this Motion with both of his clients (the Individual Defendants), as well as all attorneys of record for all other parties[1]: Opposing (Plaintiff's) Counsel Brandon Anand.  Attorney Robert Tyson, Defense Counsel for CITY OF ANAHEIM, CHAD CUMMINGS, and MICHAEL DOHMANN. Attorney Mohammed Hussain, Counsel for BAIL HOTLINE BAIL BONDS and FUGITIVE RECOVERY, INC..  As of the date of this drafting, it is

---

[1] The substance of the conversation was the need to withdraw as attorney of record. It was hoped that the withdrawal could be accomplished through ex parte application, however when that request was denied, this noticed motion became necessary. Given that the substance of the motion did not change from what was previously discussed, the conversations were not repeated.

the understanding of the Requesting Attorney that none of the other attorneys in

the matter are in any way opposed to the withdrawal.

Dated:  April 4, 2024

                                         __*/s/ Brendan Pegg*_____
                                         Brendan Pegg,
                                         Attorney for RODGER CORBETT and KEVIN PEDERSEN

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court should allow the withdrawal of counsel as to both of the individual defendants, CORBETT and PEDERSEN.

> An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. L.R. 83-2.3.2 (Motion for Withdrawal).

California law governs issues of ethics and professional responsibility in federal courts. See, e.g., *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("California law governs questions of conflicts of interest and disqualification"); see generally RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 1 cmt. b (2000) ("Federal district courts generally have adopted the lawyer code of the jurisdiction in which the court sits, and all federal courts exercise the power to regulate lawyers appearing before them.")

1. **Good cause for withdrawal:**

According to the *ABA Rules of Professional Conduct*, an attorney's withdrawal from representation can be considered either permissive or mandatory. (*Rule* 1.16). The representation in this matter involves substantial circumstances in both categories. (More fully set for in Declaration of Brendan Pegg filed herewith). Similarly, The *Rules of Professional Conduct of the State Bar of California*

4

("Rules of Conduct") specify three circumstances under which an attorney must terminate a client relationship: (1) where the attorney knows or reasonably should know that a client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; (2) where continued employment would result in violation of the Rules of Professional Conduct or the State Bar Act; or (3) where the attorney's mental or physical condition renders effective representation "unreasonably difficult." (*Rules Prof. Conduct*, rule 1.16 (Declining or Terminating Representation).) Withdrawal due to personal circumstances is highly situational. See, *Nehad v. Mukasey* (9th Cir. 2008) 535 F.3d 962.

      Common grounds for terminating a client relationship are a personality clash, inability to work together or an irreconcilable difference about the course of litigation. In short, a complete breakdown of any sort of workable relationship between the lawyer and client. Courts recognize this sort of breakdown within an attorney-client working relationship as grounds for withdrawing. (*Estate of Falco v. Decker* (1987) 188 Cal.App.3d 1004, 1014 [motion to withdraw granted "on the basis that the relationship between (the attorney and client) had completely broken down"].) As the Court noted in *Estate of Falco*, "[i]t was not relevant who caused

the breakdown," but rather that "the effects the rift would have on [the] legal representation." (*Id.* at 1015.)

Of course, a motion to withdraw must walk a fine line between presenting sufficient "good cause" for the withdrawal, without specifically setting forth any information that could be construed as harmful to the clients. Additionally, "[C]onclusory assertions that there was a communication breakdown is not sufficient to warrant withdrawal." *Amazon Logistics, Inc. v. Mann Bros. Transp., Inc.*, No. 1:19-cv-01060-DAD-SAB, 2020 WL 2194005, at *4 (E.D. Cal. May 6, 2020). At the same time, attorney must "preserve client confidences even when seeking to be relieved as counsel." *Tuft, Mark L., et al., Cal. Prac. Guide Prof. Resp.*, Ch. 10-B (Dec. 2019); see also *Cal. State Bar Form. Opn.* 2015-192 (decided under former rule, providing that an attorney may disclose to court only as much as reasonably necessary to demonstrate need to withdraw). *California Rules of Court*, rule 3.1362(c) specifies that a declaration in support of the motion "must state in general terms and without compromising the confidentiality of the attorney-client relationship" why the motion is brought. In California, the scope of what might "compromise" the confidentiality of the attorney-client relationship is broad and reaches even to non-public court proceeding.

However, a court may not deny withdrawal where counsel maintains that he must step down because of a disabling conflict that involves privileged communications. (*Aceves v. Superior Court* (1996) 51 Cal.App.4th 584 at 584.)

In *Aceves*, the court of appeal reversed (on a writ of mandate) the trial court's denial of a motion to withdraw filed by a public defender. In that case, the public defender advised the trial court on the morning of the scheduled trial that he had an actual conflict with his client, declaring that "the conflict caused a 'complete, utter and absolute' breakdown in the attorney-client relationship and precluded him from continuing the representation." (*Id.* at p. 588.) The public defender also told the trial court that "he could not reveal the nature of the conflict without divulging client confidences or breaching ethical duties." (*Ibid.*)

Whereas here the duty not to reveal confidences prevented counsel from further disclosure and the court accepted the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal." Therefore, *Aceves* holds that the Court should take counsel's word for it that a conflict exists and not probe further.

In accordance with the Ethics Rules (*California Rules of Professional Conduct*) the withdrawal in this matter is both mandatory and permissive but the clients have declined to sign a Substitution of Attorney despite lengthy discussion regarding the reasons for withdrawal.

**Granting this motion will not cause delay in prosecution of the case.**

> Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion. L.R. 83-2.3.5

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; [and] (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-cv02540-IEG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013); see also *Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1–2 (C.D. Cal. Feb. 25, 2020) (same).

Granting the request to withdraw will not result in any foreseeable delays in the prosecution of the case to completion.

"There is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage." *Gurvey v. Legend Films*, Inc., No. 09-cv-00942-IEG, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010).

Although the Complaint in this matter was filed October 5, 2022, the undersigned attorney was not retained until May 10, 2023, and Plaintiffs did not serve their first round of discovery on the Individual Defendants until February 20, 2024. Therefore, the litigation is at a relatively nascent stage.

Also, none of the noticed depositions have been completed as of the drafting of this filing and currently none are on calendar to be taken. One deposition was started but a date for the conclusion has not been selected. The deposition of one defendant was aborted due to the assertion of 5th Amendment privilege. If this Application is promptly granted, new counsel would have the opportunity to participate in most, perhaps all, of the depositions in the case. Furthermore, the previously set trial date has been vacated with no new date assigned.

## **CONCLUSION**

For the reasons set forth in this Memorandum of Points and Authorities, along with the accompanying Declaration of Brendan Pegg, it is respectfully requested that the court issue the associated Order allowing the withdrawal of Brendan Pegg as counsel for the individual defendants ROGER JEFFREY CORBETT and KEVIN PEDERSEN.

　　　　　　　　　　　　　　__/s/ Brendan Pegg_____
　　　　　　　　　　　　　　Brendan Pegg,
　　　　　　　　　　　　　　Attorney for RODGER CORBETT and KEVIN PEDERSEN

The undersigned, counsel of record for RODGER CORBETT and KEVIN PEDERSEN, certifies that this brief contains 1680 words, which complies with the word limit of L.R. 11-6.1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2024 in Ojai, California.

.

        __*/s/ Brendan Pegg*_____
        Brendan Pegg