*Law Offices of Brendan Pegg Corporation*
*Brendan Pegg, Esq. (State Bar #174159)*
*info@bpegglaw.com*
*201 E. Ojai Ave. #1505*
*Ojai, CA  93023*
*PH 805.302.4151,  FX 877.719.7298*

Attorneys for Robert Corbett and Kevin Pedersen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JAMIE SINGLETON and CHRIS CAROSELLI,<br><br>        Plaintiffs,<br><br>vs.<br><br>BAIL HOTLINE BAIL BONDS, INC. FUGITIVE RECOVERY INVESTIGATIONS, INC. ANAHEIM POLICE DEPARTMENT, CHAD CUMMINGS, MICHAEL DOHMANN, ROBERT CORBETT, KEVIN PEDERSON, AND DOES 1-10, INCLUSIVE,<br>        Defendants, | Case No.: 8:22-CV-01826-MRA-KES<br><br>DECLARATION OF BRENDAN PEGG IN SUPPORT OF MOTION TO ALLOW FOR WITHDRAWAL OF ATTORNEY OF RECORD ON BEHALF OF DEFENDANTS CORBETT AND PEDERSEN<br><br>Date: May 2, 2024<br>Time: 1:30 PM<br>Crtm: 10B<br><br>Trial Date: None Set<br><br>Assigned to Hon. **Monica Ramirez Almadani** |

1

DECLARATION of Brendan Pegg in Support of Motion to be Relieved as Counsel for ROBERT CORBETT and KEVIN PEDERSEN

# DECLARATION OF BRENDAN PEGG

I, Brendan Pegg, declare and state as follows:

1. I am an attorney at law duly admitted to practice before all the courts of the state of California and the Federal Courts of the Central District of California, and I am the attorney of record for ROGER JEFFREY CORBETT and KEVIN PEDERSEN for the matter herein.

2. On March 26, 2024 I engaged in lengthy individual telephone conversations regarding the withdrawal as attorney of record in this matter with the following:

- Kevin Pedersen, Individual Defendant, current client
- Roger Jeffrey Corbett, Individual Defendant, current client
- Brandon Anand, attorney for plaintiffs (Jamie Singleton, Chris Caroselli)
- Robert Tyson, attorney for defendants (City of Anaheim, Chad Cummings, Michael Dohman)
- Muhammed Hussain, attorney for defendants (Bail Hotline Bail Bonds, Fugitive Recovery Investigations)

All attorneys clearly stated that they had NO OPPOSITION to my withdrawal as counsel for the Individual Defendants (CORBETT and PEDERSEN) in this matter.

3. Additionally, on March 25, 2024, after attempting to set up a telephone conference with CORBETT and PEDERSEN, I sent them both lengthy correspondence in which I discussed the need to withdraw as their attorney.

4. On March 27, 2024 I sent email proof of service of my first attempt to obtain court approval for withdrawal via ex parte application to both CORBETT and PEDERSEN. Through this service, in addition to the previous conversations and correspondence, CORBETT and PEDERSEN have been made very well aware of my intention to withdraw and they have had ample opportunity to retain new counsel if they choose to do so.

5. Although, as discussed in the accompanying memorandum, I feel quite constrained in my ability to present information to the court to establish good cause in light of my ethical responsibilities to protect the confidentiality of CORBETT and PEDERSEN. Specifically, there is uncertainty expressed in the authority cited in the accompanying memorandum, to wit: "*California Rules of Court*, rule 3.1362(c) specifies that your declaration in support of motion "must state in general terms and without compromising the confidentiality of the attorney-client relationship" vs. "[C]onclusory assertions that there was a communication breakdown is not sufficient to warrant withdrawal." *Amazon Logistics, Inc.*,

    I will describe the good cause as best I can, guided by the above authorities/considerations:

1. The good cause for withdrawal comes in three categories, the first is PROFESSIONAL CONSIDERATIONS. *ABA Rule* 1.16 allows, "The lawyer may also withdraw where the client insists on taking action that the lawyer … has a fundamental disagreement." I was admitted to the California Bar in 1994. Maybe I have been fortunate enough in the last 30 years of representing clients that I have only experienced clients that generally agree with my legal advice, and have always chosen to follow it. This case has been a departure from that good luck streak. The current clients not only argue with me on virtually all matters of their defense, they steadfastly refuse to follow my advice, which in my view, greatly undermines their chances of success. I find that, on a professional level, I am unable to proceed with representing CORBETT and PEDERSEN as they appear to have made up their minds regarding the best manner of presenting their defense, and I have a "fundamental disagreement" with their approach.

2. The *Rules of Professional Conduct of the State Bar of California* allow for withdrawal when the client "(d) engages in conduct that renders it unreasonably difficult for the member to effectively represent the client; (e) insists, in a matter not pending before a tribunal, that the attorney engage in conduct contrary to the judgment and advice of the attorney" (*Rules Prof. Conduct*, rule 1.16(b).). The simple fact that this Motion is necessary (their refusal to sign the G-01) can perhaps also be considered as supportive evidence of the rift.

4

DECLARATION of Brendan Pegg in Support of Motion to be Relieved as Counsel for ROBERT CORBETT and KEVIN PEDERSEN

3. Paragraph (b)(5) permits withdrawal when a client breaches any agreement or obligation to the lawyer, including those not related to an agreement or obligation for fees or expenses. As soon as the clients were notified of this pending withdrawal, all payments for fees and expenses (previously incurred or subsequently incurred) ceased. Permissive withdrawal for failure to pay requires the client be given a warning in advance. In this case, the withdrawal process was already underway when the clients' account went into arears. They were on notice of the withdrawal, and bringing their account current would not have changed the outcome, so the "warning" was not applicable, but their failure to honor their obligations is additional grounds in support of the withdrawal.

4. Without citing to specific examples of conduct that could implicate confidentiality concerns but further establishes these grounds, I can affirm that the conditions listed in the authorities above have been met with both CORBETT and PEDERSEN and therefore withdrawal is my only option under PROFESSIONAL CONSIDERATIONS.

5. The Second applicable category of good cause is: ETHICAL OBLIGATIONS. *ABA Rule* 1.7 states in part: "If a conflict arises after representation has been undertaken, the lawyer ordinarily must withdraw from the representation …" This case involves seven (7) defendants including CORBETT and PEDERSEN (the Individual Defendants currently represented by my office).

5

One of the defendants that I do not represent in this matter, BAIL HOTLINE, has been and continues to be, a long-time client of mine on an ongoing basis in other unrelated matters. At the outset of this case, it appeared that all defendants were aligned in their singular quest to disprove plaintiffs' claims. Any *possible* conflicts between the defendants seemed to be incidental and remote.  As the matter has progressed, conflicting issues have become larger and more clearly defined. Not only between the two Individual Defendants that I represent in this matter, but also between them and my long-time client BAIL HOTLINE.  These issues have been greatly exacerbated by factors described in the previous category. Therefore, I must withdraw under the Ethical Rules due to a conflict that involves privileged communications.

      6.     The Third (and final) category of good cause is: PERSONAL CONSIDERATIONS, and this one I can discuss freely.  The *Rules of Professional Conduct of the State Bar of California* ("*Rules of Conduct*") specify three circumstances under which an attorney must terminate a client relationship: "… (3) where the attorney's mental or physical condition renders effective representation 'unreasonably difficult.'" (*Rules Prof. Conduct*, rule 1.16 (Declining or Terminating Representation).)  It is probably safe to say that every attorney struggles to maintain a work-life balance. Most of us likely resort to "building a wall" between personal matters and work matters. That has certainly been my tactic.  But litigation,

especially contentious litigation, and pending trials, can do much damage to that wall.  My Mother-In-Law was diagnosed with stage four abdominal cancer in 2020. It has been a long battle with many ups and downs and many "chemo" treatments. She has fought bravely the entire time, chin up, eyes forward, but at this point we all realize that while the end may not be imminent, we are unlikely to be able to spend this Christmas together. My wife and kids are with her now in Colorado. I am in my office in California, due in large part to this case. I should be with my family. I feel like I am failing them.  My "mental condition is making effective representation unreasonably difficult."

      7.    I have communicated with all attorneys (with exception of Mr. McCoy as he appears to be letting co-counsel Mr. Anand handle matters at this point) regularly via email and phone conversations, as recently as March 26, 2024 and I know the contact information displayed above to be current and accurate. Additionally, the most common and recent means of communication with CORBETT and PEDERSEN has been by email through and including March 26, 2024.

ROGER JEFFREY CORBETT : corbs3828@gmail.com

KEVIN PEDERSEN : kpedersen1818@gmail.com

L.R. 11-6.2. Certificate of Compliance.

The undersigned, counsel of record for RODGER CORBETT and KEVIN PEDERSEN, certifies that this brief contains 1803 words, which complies with the word limit of L.R. 11-6.1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2024 in Ojai, California.

.

                              */s/ Brendan Pegg*
                              Brendan Pegg

DECLARATION of Brendan Pegg in Support of Motion to be Relieved as Counsel for ROBERT CORBETT and KEVIN PEDERSEN

PROOF OF SERVICE

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is Law Offices of Brendan Pegg Corporation, 201 E. Ojai Ave. #1505, Ojai CA 93023.

For service on the attorney represented parties to this action, I rely on: L.R. 5-3.2.1 Service. Which states: " Upon the electronic filing of a document, a "Notice of Electronic Filing" ("NEF") will be automatically generated by the CM/ECF System and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court … service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served."

On March 27, 2024, I served the foregoing documents described as:

NOTICE OF MOTION AND MOTION TO ALLOW FOR WITHDRAWAL OF ATTORNEY OF RECORD ON BEHALF OF DEFENDANTS CORBETT AND PEDERSEN

DECLARATION OF BRENDAN PEGG IN SUPPORT OF MOTION TO ALLOW FOR WITHDRAWAL OF ATTORNEY OF RECORD ON BEHALF OF DEFENDANTS CORBETT AND PEDERSEN

[PROPOSED] ORDER ALLOWING WITHDRAWAL OF BRENDAN PEGG AS ATTORNEY OF RECORD FOR ROGER JEFFREY CORBETT AND KEVIN PEDERSEN

DECLARATION of Brendan Pegg in Support of Motion to be Relieved as Counsel for ROBERT CORBETT and KEVIN PEDERSEN

BY ELECTRONIC MAIL TRANSMISSION: By electronic mail submission by transmitting a PDF format copy of such document(s) to each such person at the email address listed below. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error. I know these emails to be valid and current as I have used them to successfully communicate as recently as March 26, 2024:

    Roger Jeffrey Corbett : corbs3828@gmail.com

    Kevin Pedersen : kpedersen1818@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.

    Executed on April 4, 2024 in Ojai, California.

                                        __/s/ Brendan Pegg_____
                                        Brendan Pegg

DECLARATION of Brendan Pegg in Support of Motion to be Relieved as Counsel for ROBERT CORBETT and KEVIN PEDERSEN