**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMIE SINGLETON, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BAIL HOTLINE BAIL BONDS, INC., et al.,<br><br>                    Defendants. | Case No. 8:22-cv-01826-MRA-KES<br><br>**ORDER DENYING IN SUBSTANTIAL PART AND GRANTING IN LIMITED PART PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER SET BY FORMER TRIAL JUDGE AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF 68, 77]** |

Before the Court are Plaintiffs Jamie Singleton and Chris Caroselli's Motion to Amend Scheduling Order Set by Former Trial Judge ("Motion to Amend Scheduling Order") and Defendants City of Anaheim, Chad Cummings, and Michael Dohmann's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (the "Motion for Summary Judgment"). ECF 68, 77. The Court has read and considered the Motions and deemed both matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The hearings on the Motions were therefore **VACATED** and

-1-

removed from the Court's calendar. ECF 95, 111. For the reasons set forth herein, the Court **DENIES IN SUBSTANTIAL PART** and **GRANTS IN LIMITED PART** the Motion to Amend Scheduling Order for the purpose of completing depositions noticed prior to the discovery cut-off deadline. The Court therefore **DENIES** the Defendants' Motion for Summary Judgment without prejudice and with leave to renew within 30 days of completing the approved depositions.

I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Jamie Singleton and Chris Caroselli filed this action on October 5, 2022. ECF 1. In their operative First Amended Complaint, filed on October 10, 2023, Plaintiffs allege that Anaheim Police Department ("APD") police officers Michael Dohmann and Chad Cummings, as well as Defendants Rodger Corbett and Kevin Pedersen—purported agents of Defendants Bail Hotline Bail Bonds, Inc. ("BHBB") and Fugitive Recovery Investigations ("FRI")—conspired to kidnap Singleton on October 7, 2020. ECF 53 ¶¶ 1-3. Defendants allegedly assaulted Caroselli for filming Defendants' interactions with Singleton. *Id.* ¶¶ 4-5. On these allegations, Plaintiffs sue Defendants for violations of their constitutional rights pursuant to 42 U.S.C. § 1983. *Id.* ¶¶ 30-55. Plaintiffs also bring state tort law claims. *Id.* ¶¶ 56-101.

On December 5, 2022, pursuant to Federal Rule of Civil Procedure 16, the Court (Hon. David O. Carter presiding) set a Scheduling Conference for January 9, 2023. ECF 15. The Scheduling Conference was continued several times. ECF 20, 23, 33, 37, 44. The Court held the Scheduling Conference on August 14, 2023. ECF 48. On August 17, 2023, the Court issued its Scheduling Order. ECF 49. The Scheduling Order set a trial date for August 6, 2024, and the final pretrial conference for July 8, 2024. *Id.* at 1. The Court further ordered the parties to complete fact discovery by March 29, 2024, and set the following discovery deadlines, *inter alia*:

> (1) <u>Depositions:</u> All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date [March 25, 2024]. A deposition which commences five (5) days prior to the

        discovery cut-off date may continue beyond the cut-off date, as necessary.

  (2) <u>Written Discovery</u>: All interrogatories, requests for production of documents, and requests for admissions shall be served at least forty-five (45) days before the discovery cut-off date [February 13, 2024]. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in unusual circumstances and upon a showing of good cause.

  (3) <u>Discovery Motions:</u> Any motion regarding the inadequacy of responses must be filed and served no later than five (5) days after the discovery cutoff.

*Id.* at 3. The Court also set the deadline to hear motions as June 3, 2024. *Id.* at 1. The Court referred the matter to the assigned magistrate judge for settlement proceedings. ECF 50. The magistrate judge held a settlement conference on November 29, 2023. ECF 61. The parties did not reach an agreement. *Id.*

      The City of Anaheim, Dohmann, and Cummings (collectively, "Anaheim Defendants") propounded written discovery requests to Plaintiffs on August 29, 2023. ECF 100 (Maya Decl.) ¶ 3; ECF 100-1. Anaheim Defendants granted Plaintiffs an extension until October 20, 2023, to propound their responses. ECF 100 ¶ 4; ECF 100-2. Plaintiffs nevertheless served their responses approximately three weeks past the deadline, on November 8, 2023. ECF 100 ¶ 5; ECF 100-3. On November 27, 2024, Anaheim Defendants produced body worn camera footage and audio files to the other parties. ECF 100 ¶ 6; ECF 100-4. Plaintiffs did not propound any written discovery requests of their own until on or about February 20, 2024, a week past the deadline to serve such requests. ECF 100 ¶ 7; ECF 100-5 at 1-3; ECF 104-1 (Hussain Decl.) ¶¶ 2, 3.

      On or about February 20, 2024, Plaintiffs also noticed depositions of Cummings, Dohmann, Corbett, Pedersen, and FRI's Rule 30(b)(6) witness. ECF 100-5 at 4-7; ECF 104-1 ¶ 5. On February 27, 2024, then-Counsel for Corbett and Pedersen provided alternative dates for their depositions. ECF 100-11 at 7. Defendants' Counsel followed up with Plaintiff's Counsel to confirm alternative dates for Corbett's and Pedersen's depositions on February 29, 2024, and numerous times on the eve of their noticed

depositions, March 4, 2024. *Id.* at 5-7. In the same e-mail thread, Counsel for BHBB and FRI indicated that he had also provided an alternate deposition date for FRI's witness but had yet to hear back. *Id.* at 4. Shortly thereafter, Plaintiff's Counsel responded to confirm that Corbett's and Pedersen's depositions would not go forward the following day and that he would "circle back with confirmation [of revised dates] shortly." *Id.* Plaintiffs' Counsel provided alternate deposition dates approximately one week later, on March 11, 2024. ECF 100 ¶ 15; ECF 100-13.

On February 26, 2024, Anaheim Defendants noticed depositions of Plaintiffs for March 11, 2024. ECF 100 ¶ 8; ECF 100-6; ECF 104-1 ¶ 6. Counsel for Anaheim Defendants requested confirmation of Plaintiffs' depositions on March 4, 6, and 7, 2024. ECF 100 ¶¶ 9-11; ECF 100-9. On March 7, 2024, Plaintiffs' Counsel indicated for the first time and without explanation that they "have to look at alternate dates." ECF 100-10; ECF 100 ¶ 12. Plaintiffs' Counsel also requested the parties' positions on a stipulation to extend all discovery. ECF 100 ¶ 12; ECF 100-10. On March 8, 2024, BHBB and FRI replied, stating that Plaintiffs had not provided any reason for their failure to complete discovery by the cut-off date. ECF 100 ¶ 13; ECF 100-11. They noted their objection to continuing all discovery but consented to completing all noticed depositions after the deadline. ECF 100-11.

Cummings' deposition proceeded as scheduled on March 13, 2024, but was suspended once Plaintiffs' Counsel became too ill to continue. ECF 104-1 ¶ 9; ECF 100 ¶ 17. During Cummings' deposition, Counsel for Anaheim Defendants requested deposition dates for both Plaintiffs. ECF 100 ¶ 17. Plaintiffs took Corbett's deposition on March 20, 2024. ECF 100 ¶ 19. At his deposition, Corbett invoked his Fifth Amendment right against self-incrimination. *See* ECF 68-1 at 4-5; ECF 100-18. Counsel for Pedersen represented that Pedersen intended to do the same at his deposition scheduled for the following day. *See* ECF 100-18. The parties completed the deposition of FRI's witness on March 28, 2024. ECF 104-1 ¶ 9.

On March 11, 2024, Counsel for Anaheim Defendants followed up with Plaintiffs' Counsel to request alternate dates for Plaintiffs' deposition prior to the March 26, 2024, discovery cut-off deadline. ECF 100 ¶ 14; ECF 100-12. Plaintiffs' Counsel represented that Singleton would be available on March 22, 2024, at 1:00 p.m. ECF 100 ¶ 15; ECF 100-13. Plaintiffs' Counsel did not provide Caroselli's availability. ECF 100-13. Counsel for Anaheim Defendants objected to the date proposed for Singleton's deposition and requested dates for full-day depositions of both Plaintiffs. ECF 100 ¶ 16; ECF 100-14. On March 18, 2024, Counsel for Anaheim Defendants followed up with Plaintiffs' Counsel about Plaintiffs' deposition dates. ECF 100 ¶ 18; ECF 100-16. On March 22, 2024, Plaintiffs' Counsel replied, representing that Singleton's deposition could be taken on April 3, 2024, at 10:00 a.m. ECF 100 ¶ 20; ECF 100-17. No dates were provided as to Caroselli. ECF 100-17. On March 25, 2024, Anaheim Defendants served an Amended Notice of Deposition for Singleton to reflect the April 3, 2024, date provided by Plaintiffs' Counsel. ECF 100-21 at 2.

On April 1, 2024, Counsel for Anaheim Defendants followed up to request dates for Caroselli's deposition. ECF 100 ¶ 23; ECF 100-20. The next day, Counsel also sought confirmation of Singleton's deposition for the following day. ECF 100 ¶ 24; ECF 100-21. In an e-mail later that day, Plaintiffs' Counsel canceled the deposition, accusing Defendants' Counsel of failing to timely notice Singleton's deposition prior to the discovery cut-off deadline. ECF 100 ¶ 25; ECF 100-22. Plaintiffs' Counsel further stated that "[t]he deposition of Plaintiff Singleton cannot go forward until the Court rules on our Motion, unless you reconsider your position on the proposed stipulation." ECF 100-22. On April 3, 2024, Counsel for Anaheim Defendants responded, observing that Defendants had first noticed Singleton's deposition for March 11, 2024—within the discovery cut-off—and that Plaintiffs' Counsel canceled that deposition last minute, delayed providing alternative dates within the discovery cut-off, and then offered the April 3, 2024, date. ECF 100 ¶ 26; ECF 100-23. Counsel also stated that Anaheim Defendants "ha[d] repeatedly agreed to proceed with all timely noticed depositions." ECF 100-23.

1       Meanwhile, on March 1, 2024, following reassignment of the case, the Court issued its Reassignment Order, which explicitly stated that "[a]ll discovery cutoff dates and other deadlines associated with this case . . . shall remain in effect." ECF 63 ¶ 5. However, the trial date was vacated. *See id.* ¶ 8. The Reassignment Order also directed the parties to file a joint statement requesting a case management conference where "there exists an immediate need for such a conference." *Id.* ¶ 11(k). On March 8, 2024, Plaintiffs requested a telephonic scheduling conference to move discovery deadlines "[i]n light of the case reassignment and ongoing discovery efforts." ECF 64 at 2. The Court denied the request on March 13, 2024, for failing to comply with the Reassignment Order. ECF 65. The Court further directed Plaintiffs to meet-and-confer with opposing counsel and appropriately submit their request to amend the Scheduling Order as either a motion or a joint stipulation supported by good cause. *Id*.

       On March 22, 2024, Plaintiffs' Counsel sent a letter to opposing counsel (hereinafter "Meet-and-Confer Letter"), following up on their request for a stipulation to extend discovery deadlines. ECF 68-1 at 4-5. Counsel for Anaheim Defendants replied on March 25, 2024, stating that Defendants "see no good cause for extending the written discovery deadline" and that "they are amenable to stipulating to proceeding with depositions that were timely noticed to take place prior to the discovery cutoff." ECF 100-18; ECF 100 ¶ 21. Counsel for Corbett and Pedersen, as well as BHBB and FRI, wrote in agreement with Anaheim Defendants' position. ECF 68-1 at 7-8. The parties exchanged a second set of letters, generally consisting of the content of their moving papers. ECF 68-1 at 13-19; ECF 100 ¶ 22; ECF 100-19. On March 29, 2024, the deadline to complete fact discovery, Plaintiffs filed the instant Motion and noticed it for hearing on June 27, 2024. ECF 68.

       On April 30, 2024, the Court vacated the June 27, 2024, hearing on the instant Motion and ordered Defendants to file their responses to the Motion no later than May 9, 2024, and Plaintiffs to file their Reply by May 16, 2024. ECF 95. On May 9, 2024, Anaheim Defendants and Defendants BHBB and FRI timely filed Oppositions to Plaintiffs' Motion. ECF 99, 104. Pedersen and Corbett, proceeding *pro se*, untimely filed

two joint Declarations in opposition to Plaintiffs' Motion.[1] ECF 112, 113. On June 21, 2024, Plaintiffs filed an untimely Reply. ECF 114. On June 25, 2024, Anaheim Defendants filed an Objection to Plaintiff's Untimely Reply Brief.[2] ECF 115.

Several related motions are pending before the Court. On April 3, 2024, Plaintiffs filed a Motion to Compel the Depositions of Rodger Corbett and Kevin Pedersen (the "Motion to Compel"). ECF 69. The Motion to Compel remains pending before the magistrate judge. On April 18, 2024, the Anaheim Defendants filed the Motion for Summary Judgment, noticed for hearing on May 30, 2024, a few days prior to the deadline to hear motions. ECF 77; *see* ECF 49. The Court vacated the hearing pending adjudication of Plaintiffs' Motion to Amend. ECF 111. Plaintiffs filed an untimely Opposition to the Motion for Summary Judgment.[3] ECF 107. Plaintiffs oppose summary judgment "on the basis that Plaintiff [sic] requires additional information and discovery to oppose the

---

[1] The Court ordered Defendants to file an Opposition no later than May 9, 2024. ECF 95. Although Corbett and Pedersen's responses were untimely, the Court exercises its discretion in this instance to consider the untimely filed document because there is "no danger of delay or prejudice." *Brandon v. Rite Aid Corp., Inc.*, 408 F. Supp. 2d 964, 967 (E.D. Cal. 2006). The Court has taken into account that in and around the May 9, 2024, deadline, Corbett and Pedersen's Counsel was in the process of and ultimately withdrew from their representation. *See* ECF 71, 96, 97, 103. Nevertheless, the Court cautions Corbett and Pedersen that subsequent late filings may not be considered and may be subject to sanctions. L.R. 7-13.

[2] Anaheim Defendants request that, pursuant to Local Rule 7-12, the Court decline to consider the Reply and determine whether Plaintiff's lack of diligence in filing a timely Reply should be deemed consent to denial of the Motion. ECF 115 at 2. Although Plaintiffs' Counsel offer no explanation for their approximately month-long delay in filing the Reply, the Court nevertheless considers Plaintiff's Reply in the interest of fairness and in the absence of any "danger of delay or prejudice." *Brandon*, 408 F. Supp. at 967. Like Corbett and Pedersen, Plaintiffs are admonished that any subsequent late filings may not be considered and may be the subject of sanctions. L.R. 7-13

[3] Per the Court's Civil Trial Order (available on the Court's website, https://www.cacd.uscourts.gov/honorable-monica-ramirez-almadani), Oppositions to Rule 56 motions must be filed and served no later than 28 days before the hearing date. Plaintiffs filed their Opposition only 21 days prior to the hearing date. ECF 107.

motion" and because "Defendants Corbett, Pederson [sic], Cummings, Dohmann, and the City of Anaheim have refused to cooperate with Plaintiffs' good faith discovery efforts." ECF 107 at 2.

## II. LEGAL STANDARD

A scheduling order entered pursuant to Federal Rule of Civil Procedure 16 "controls the course of the action." Fed. R. Civ. P. 16(d). Once entered, it "may be modified only for good cause and with the judge's consent." *Id.* 16(b)(4); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). In deciding a motion to amend a Rule 16 scheduling order to reopen discovery, the Ninth Circuit instructs district courts to consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted). Notwithstanding these factors, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

## III. DISCUSSION

Plaintiffs move to amend the Scheduling Order because "[t]he ensuing months have unveiled a series of obstacles that have not only challenged the course of discovery but have fundamentally necessitated a reevaluation of the current Scheduling Order." ECF 68 at 4. Fatal, however, to Plaintiffs' request is their lack of diligence. In deciding a motion to extend a discovery deadline or reopen discovery, the key determination is whether the

discovery deadlines "cannot reasonably be met *despite* the diligence of the party seeking the extension." *Johnson,* 975 F.2d at 609 (emphasis added). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order[,] but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

It is obvious to the Court from the facts presented that Plaintiffs failed to exercise diligence with respect to practically all aspects of discovery. The Court observes as a preliminary matter that Plaintiffs filed the instant Motion on the deadline to complete fact discovery, March 29, 2024. *See* ECF 49, 68. The Court's rules, available at the time of filing on the Court's procedures web page (https://www.cacd.uscourts.gov/honorable-mónica-ramírezalmadani), were clear: "Counsel must submit any request for a continuance or extension of time not later than five (5) court days prior to the expiration of the scheduled date. A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence." This is "significant" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990). Consistent with the Ninth Circuit's observations, the Court finds that Plaintiffs did not heed the Court's Scheduling Order or procedures and now submit post-hoc and altogether inexcusable justifications for their negligence.

Plaintiffs' conduct evinces carelessness verging on bad faith. With respect to written discovery, Plaintiffs did not timely respond to Anaheim Defendants' request for written discovery; meanwhile, Plaintiffs did not serve their *first* set of discovery requests until a week *after* the written discovery deadline and six months after the Scheduling Order was entered. Plaintiffs make no effort to account for these glaring lapses. With respect to depositions, Plaintiffs complain that "[t]he depositions of seven of the eight parties have not been completed" and "two key Defendants just asserted the Fifth Amendment for the first time within the last 30 days." ECF 68 at 6. This situation should not come as a surprise

to Plaintiffs given that they waited until February 20, 2024, approximately one month before the discovery cut-off, to notice Defendants' depositions.

On the other hand, Plaintiffs' Counsel have altogether withheld their clients from depositions. They failed to communicate to opposing counsel their clients' availability, ignored repeated requests from opposing counsel to schedule Caroselli's deposition, and twice canceled Singleton's depositions at the last minute without explanation. This evinces a lack of good faith. *See* Fed. R. Civ. P. 30(g) (providing that a party's failure to attend and proceed with a deposition is sanctionable); *id.* 37(b)(2) (providing that a party's failure to obey an order to provide or permit discovery may result in dismissal of the action, a finding of contempt, or other sanctions); *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (holding that plaintiff's notices that he would not attend two prior noticed depositions, made only a business day prior to the scheduled depositions, constituted "failure to appear" warranting sanctions under Rule 37).

In their untimely Reply, Plaintiffs elaborate that they "did not feel it was appropriate for their depositions to be taken when Defendants were refusing to allow their clients to be deposed and were refusing to agree" to the proposed modification of the Scheduling Order. ECF 114 at 6. This representation all but ignores that Anaheim Defendants, BHBB, and FRI had proposed to complete *all* depositions noticed prior to the cut-off-date. Plaintiffs' Counsel should have been aware that were the Court to grant this Motion, their clients would be required to sit for their depositions. Yet, instead of proceeding with this understanding upon filing the Motion to Amend Scheduling Order on March 29, 2024, Plaintiffs' Counsel decided to call off Singleton's deposition, scheduled for April 3, 2024, a date of their own choosing, without notice. And they now refuse to produce their clients for depositions until the Court rules on this Motion or unless opposing counsel stipulate to an extension. It is gravely concerning to the Court that Plaintiffs seek leave for additional time to obtain discovery and yet have simultaneously withheld discovery from Defendants.

Plaintiffs' reasons for seeking an extension of discovery on the date discovery closed further clarify that the Motion to Amend Scheduling Order was brought to correct for a

"course of obstacles" of their own making, not "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jackson*, 186 F.R.D. at 608.

*First*, Plaintiffs blame the parties' inability to resolve this matter through settlement, which in their view left them "a constrained window of approximately ninety (90) days to undertake comprehensive discovery." ECF 68 at 4. In their Meet-and-Confer Letter, Plaintiffs' Counsel elaborate that when the Court set its Scheduling Order, the pre-trial dates and deadlines were "predicated on a mutual acknowledgment among the parties that pursuing an informal resolution was the most viable path forward—a stance that was both endorsed and encouraged by the trial court through its directive for the parties to engage in Alternative Dispute Resolution (ADR)." ECF 68-1 at 4. Implicit in this statement is Plaintiffs' understanding that the parties had no obligation to undertake formal discovery until after the November 2023 Settlement Conference.

Plaintiffs are mistaken, and their representations to the contrary are disingenuous. Plaintiffs have been on notice since this action was assigned to the original district judge that continuances of the pretrial schedule are "disfavored." *See* ECF 14 (Initial Standing Order) at 2. When the Court issued its Order setting the initial Scheduling Conference, the Court explicitly "encourage[d] the parties to begin discovery before the Scheduling Conference." ECF 15 at 2. At that time, the parties were once more forewarned that "at the Scheduling Conference the Court will impose tight deadlines to complete discovery." *Id.* Once the Court issued its Scheduling Order in August 2023, Plaintiffs were explicitly put on notice that "[a]ll discovery is to be completed on, or prior to, the cut-off date" and that they should "[p]lan now to complete discovery on the schedule set; a continuance is *unlikely*." ECF 49 at 2. That the parties were ordered to participate in ADR, which is generally required of parties in civil proceedings in the Central District, does not absolve Plaintiffs of their concurrent obligation to meet the discovery deadlines ordered by the Court. *See* L.R. 16-15 ("It is the policy of the Court to encourage disposition of civil

litigation by settlement when such is in the best interest of the parties."). It was unreasonable for Plaintiffs to believe otherwise.

But even if Plaintiffs were under the mistaken impression that they could wait until after the Settlement Conference to begin formal discovery, the record reflects that they did not. In fact, they did not begin discovery in earnest until February 2024, months after settlement discussions had concluded. As to this delay, Plaintiff offer yet another excuse: approximately 30 of those intervening 80 days after settlement proceedings were "during the holiday season."[4] ECF 114 at 6. That is absurd. To state the obvious, the "holiday season" is not an unforeseen development that Plaintiffs could not have anticipated. *See King v. Biter*, No. 15-CV-00414-DAD-SAB, 2020 WL 3173144, at *2 (E.D. Cal. June 15, 2020) (noting that the Christmas holiday was a circumstance that should have been accounted for). Plaintiffs' Counsel's impression that their professional responsibilities are paused during the holidays is glaringly inconsistent with the California Rules of Professional Conduct, which require attorneys to act with "reasonable diligence" and without "neglect or disregard, or undu[e] delay [of] a legal matter entrusted to the lawyer." Cal. R. Pro. Conduct 1.3.

*Next*, Plaintiffs characterize Corbett's invocation of the Fifth Amendment at his March 20, 2024, deposition and Pedersen's anticipated Fifth Amendment invocation as "procedural detour[s] that w[ere] neither anticipated nor accounted for . . . ." ECF 68 at 4. As an initial matter, while Corbett and Pedersen's Fifth Amendment invocations could explain the need for a narrow continuance limited to Corbett and Pedersen's depositions, this development does not justify Plaintiffs' expansive request to extend all discovery, including written discovery and depositions of other Defendants.

---

[4] The 30-day period, which Plaintiffs refer to as the "holiday season," included only three federal holidays: November 23, 2023 (Thanksgiving), December 25, 2023 (Christmas Day), and January 1, 2024 (New Year's Day). *Federal Holidays*, U.S. Office of Personal Mgmt., https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/.

Moreover, the Court is not convinced that Corbett and Pedersen's invocations could not have been reasonably anticipated at the time of the Scheduling Conference. In the civil context, "the right to assert one's privilege against self[-]incrimination does not depend upon the *likelihood*, but upon the *possibility* of prosecution." *In re Master Key Litig.*, 507 F.2d 292, 293 (9th Cir. 1974). "An investigation is enough to create that possibility of prosecution; formal criminal charges are not required." *KST Data, Inv. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1134 (C.D. Cal. 2018). Here, Corbett and Pedersen had not just been investigated but had been formally indicted for their underlying conduct. *See* ECF 100-19 at 1. It is true that their charges were eventually dismissed, but not with prejudice to renewed prosecution. *See id.* As such, Plaintiffs should have reasonably anticipated that Corbett and Pedersen may invoke their privilege against self-incrimination in response to discovery requests in this matter.

Plaintiffs argue that Corbett and Pedersen should have disclosed their intent to invoke their Fifth Amendment privilege at the Scheduling Conference. ECF 68 at 5. "While it is true that each party has an affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party wishes to litigate the case," *Johnson*, 975 F.2d at 609 (cleaned up), "[t]he burden was upon [Plaintiffs] to prosecute [their] case properly. [They] cannot blame [Defendants] for [their] failure to do so," *see id.* at 610. Plaintiffs characterize Corbett and Pedersen's invocations as "belated." ECF 68 at 6-7. But that fact is explained by Plaintiffs' lack of diligence—namely, their decisions to propound written discovery requests *after* the deadline and notice Corbett and Pedersen's depositions within approximately one month of the discovery cut-off—not by any misfeasance on the part of Corbett or Pedersen. Had Plaintiffs propounded written discovery in a timely manner, they would have likely learned early on of Corbett and Pedersen's intention to invoke their Fifth Amendment rights and anticipated the need for additional motions practice related to their invocations.

*Lastly*, Plaintiffs cast Defendants' refusal to stipulate to a modification of the Scheduling Order as a "bad faith" effort to avoid having this case decided on the merits.

ECF 68 at 5. That statement is inconsistent with the facts before the Court. To the contrary, in failing to diligently pursue discovery and simultaneously withholding discovery of their own, the Court finds that Plaintiffs have not prosecuted their case to the merits. Their Counsel's post-hoc attempts to blame Defendants, settlement negotiations, and even the "holiday season" do not pass muster. And the Court's "decision to honor the terms of its binding scheduling order" should not be construed as "simply exalt[ing] procedural technicalities over the merits of [the] case." *Johnson*, 975 F.2d at 610.

In sum, Plaintiffs seek relief for circumstances arising out of their own failure to diligently undertake discovery and meet the deadlines set by the Court. Their disregard of the Court's Scheduling Order "undermine[s] the [C]ourt's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." *Id*. Such "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609. The Ninth Circuit has made explicit that "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivokovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). Heeding this directive and looking no further, the Court finds that Plaintiffs were not diligent and therefore have not shown good cause for amending the Scheduling Order and extending discovery as they propose.

Nevertheless, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Johnson*, 488 F.3d at 607. This is a situation where the Court must also consider the rights of the parties to a ruling on the merits of their dispute, the ends of justice, and judicial economy. *See United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007). The Court finds that these interests are best served by allowing the parties to complete depositions noticed prior to the discovery cut-off.

There is no real dispute that the parties' depositions are important to adjudicating the merits of this action. *See* ECF 99 at 15; ECF 104 at 6; ECF 112 at 5. The Court notes

that by the terms of the Scheduling Order, depositions that commenced five days prior to the discovery cut-off can be continued and completed. *See* ECF 49 at 3 ("A deposition which commences five (5) days prior to the discovery cut-off date may continue beyond the cut-off date, as necessary."). It would therefore be in keeping with the spirit of the Scheduling Order to also allow the parties to complete depositions that were noticed for dates prior to the discovery cut-off, which had yet to begin. By the discovery deadline, Plaintiffs had commenced the depositions of Cummings and Corbett. ECF 100 ¶¶ 17, 19. However, due to Plaintiffs' Counsel's sudden illness, Cummings' deposition was not completed, and Dohmann's deposition, scheduled for the next day, was postponed indefinitely. ECF 100 ¶ 17. Moreover, Corbett's and Pedersen's depositions were postponed pending adjudication of the Motion to Compel. ECF 100-13. And were it not for Plaintiffs' dilatory tactics, Plaintiffs' depositions also likely would have been taken prior to the discovery cut-off.

The Court may have hesitated to reopen discovery for the purpose of taking depositions were trial imminent and Defendants likely to face prejudice by reopening discovery, but that is not the case here. *See Pomona*, 866 F.3d at 1066. Trial is not imminent, as the Court's Reassignment Order vacated the trial date, and no new trial date has been set. Defendants argue that they would be prejudiced by reopening discovery. ECF 99 at 14; ECF 104 at 5; ECF 112. But Defendants do not assert that reopening discovery to complete previously noticed depositions of the parties would require "major alterations in trial tactics and strategy." *Shijiazhuang Hongray Grp. v. World Trading 23, Inc.*, No. 21-CV-00972-FWS-KK, 2023 WL 2629890, at *3 (C.D. Cal. Mar. 10, 2023). Thus, in furtherance of the rights of the parties to a ruling on the merits and the ends of justice, the Court shall reopen discovery for the limited purpose of allowing the parties to complete depositions noticed prior to the discovery cut-off.

Anaheim Defendants state that they do not object to reopening discovery for this limited purpose. ECF 99 at 15. However, they make two requests: (1) that the Court require Plaintiffs' Counsel to produce their clients for full-day depositions prior to any

other depositions, and (2) that the Court allow such depositions only after hearing their Motion for Summary Judgment because "much of [its] Motion is based on video evidence." *Id.* at 15-16. As to the first request, the Court agrees that based on the parties' discovery-related conduct, Plaintiffs should be required to sit for their depositions prior to taking Defendants' depositions. The Court, however, declines Anaheim Defendants' second request. In addition to video evidence, Anaheim Defendants rely on the declarations of Cummings and Dohmann in support of their Motion for Summary Judgment. *See generally* ECF 77; ECF 78 (Cummings Decl.); ECF 79 (Dohmann Decl.). Plaintiffs therefore require deposition of these witnesses to defend the Motion for Summary Judgment. The Court is aware that Plaintiffs oppose the Motion for Summary Judgment solely pursuant to Federal Rule of Civil Procedure 56(d). ECF 107 at 5-7. However, since Plaintiffs' Motion to Amend the Scheduling Order was filed and noticed for hearing *prior* to the Motion for Summary Judgment, Rule 16(b)(4)—not Rule 56(d)—presents the relevant vehicle for reopening discovery.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Amend the Scheduling Order (ECF 68) is **DENIED IN SUBSTANTIAL PART** and **GRANTED** only for the limited purpose of conducting the following depositions as sequenced below:

1. Plaintiffs' Counsel shall produce Plaintiffs for full-day depositions to be taken **within 30 days of this Order**. Should Plaintiffs fail to attend their depositions, absent good cause, Defendants may move for involuntary dismissal for lack of prosecution. *See* Fed. R. Civ. P. 30(g), 37(b)(2), 41(b).

2. Plaintiffs shall depose Cummings and Dohmann **within 30 days of completing Plaintiffs' depositions**.

3. Plaintiffs shall take the depositions of Corbett and Pedersen subject to the Magistrate Judge's adjudication of Plaintiffs' Motion to Compel.

The Court therefore **DENIES** Anaheim Defendants' Motion for Summary Judgment (ECF 77) without prejudice and with leave to renew within 30 days of completing the depositions listed above.

**IT IS SO ORDERED.**

Dated: June 28, 2024

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE